1  ANNA Y. PARK, Regional Attorney
   CHERRY MARIE D. ROJAS, Supervisory Trial Attorney
2  SUE J. NOH, Trial Attorney
   U.S. EQUAL EMPLOYMENT
3  OPPORTUNITY COMMISSION
   255 East Temple Street, 4th Floor
4  Los Angeles, CA 90012
   Telephone: (213) 894-1082
5  Facsimile: (213) 894-1301

6  Attorneys for Plaintiff
   EQUAL EMPLOYMENT
7  OPPORTUNITY COMMISSION



8                    **UNITED STATES DISTRICT COURT**

9                            **DISTRICT OF NEVADA**    CV-S-05-0686-LDG-LRL

10
   EQUAL EMPLOYMENT
11 OPPORTUNITY COMMISSION,
                                    )  **COMPLAINT- CIVIL RIGHTS**
12          Plaintiff,               )  **EMPLOYMENT DISCRIMINATION**
                                    )  **(42 U.S.C. §§ 2000e, et seq.)**
13          v.                       )
                                    )  **JURY TRIAL DEMAND**
14                                   )
   K.C. ASPHALT, LLC d/b/a KOCH     )
15 PERFORMANCE ASPHALT, and DOES )
   1-10, inclusive,                  )
16                                   )
            Defendants.              )
17 _____)

18

19                          **NATURE OF THE ACTION**

20     This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I

21 of the Civil Rights Act of 1991 to correct unlawful employment practices. Plaintiff United States

22 Equal Employment Opportunity Commission ("Commission") alleges that Defendant K.C.

23 ASPHALT, LLC d/b/a KOCH PERFORMANCE ASPHALT, its members, representatives

24 managers, members, parents, subsidiaries, divisions, predecessors, successors, affiliates

25 (including by not limited to Koch Materials Company, Conoco Phillips Company, and their

26 parents, subsidiaries, predecessors, successors, and affiliates), along with all their past, present,

27 or current directors, officers, shareholders, agents, employees, representatives, attorneys,

28 insurers, transferees, and assignees (hereafter "defendants"). subjected Charging Party



ORIGINAL

Mohammed Akrom Ghafoor ("Mr. Ghafoor") to harassment based on his race (Asian) and national origin (Pakistani, Arab, or Middle Eastern) and to retaliation for engaging in protected activities, which lead to his constructive discharge.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title VII").

3.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Nevada.

## PARTIES

4.  Plaintiff, U.S. Equal Employment Opportunity Commission, is the federal agency charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.  At all relevant times, Defendant has continuously been doing business in the State of Nevada, and in Clark County. At all relevant times, Defendants has continuously employed fifteen (15) or more persons.

6.  At all relevant times, Defendant has continuously engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7.  All of the acts and failures to act alleged herein were duly performed by and attributable to all defendants, each acting as a successor, agent, employee or under the direction and control of the others, except as otherwise specifically alleged. Said acts and failures to act were within the scope of such agency and/or employment, and each defendant participated in, approved and/or ratified the unlawful acts and omissions by other defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a, such

allegations and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Mr. Ghafoor filed a Charge of Discrimination with the EEOC alleging violations of Title VII by Defendants. The EEOC investigated and issued a Letter of Determination finding that Mr. Ghafoor was subjected to discrimination in violation of Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since in or about 2000, Defendant has engaged in unlawful employment practices at their Las Vegas, Nevada location, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Mr. Ghafoor to harassment based on this race and national origin. The harassment Mr. Ghafoor was subjected to included, but was not limited to, unwelcome speech and/or conduct by his supervisors, coworkers, and third parties who conducted business at Defendant's Las Vegas location.

10. When Mr. Ghafoor rebuked and/or complained about the harassment, defendant failed to take immediate and effective corrective action to prevent or correct the harassment despite Mr. Ghafoor's complaints. Defendants further subjected Mr. Ghafoor to tangible employment actions, including but not limited to, denial of reimbursements for work related costs, unwarranted discipline, and negative performance evaluations, which lead to his constructive discharge.

11. Since in or about 2000, Defendant has engaged in unlawful employment practices in Las Vegas, Nevada in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by subjecting Mr. Ghafoor to retaliation for engaging in protected activity and complaining about harassment. The retaliation against Mr. Ghafoor included, but was not limited to, denial of reimbursements for work related costs, unwarranted discipline, and negative performance evaluations, which lead to his constructive discharge.

///

///

12. The effect of the practice(s) complained of in paragraphs 9 through 11 above has been to deprive Mr. Ghafoor of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race and national origin.

13. The unlawful employment practices complained of in paragraphs 9 through 11 above were intentional.

14. The unlawful employment practices complained of in paragraphs 9 through 11 above were done with malice or with reckless indifference to the federally protected rights of Mr. Ghafoor.

15. As a direct and proximate result of the aforesaid acts of defendant, Mr. Ghafoor has suffered emotional pain and suffering, inconvenience, loss of enjoyment of life, humiliation and damages, according to proof.

16. As a direct and proximate result of the aforesaid acts of defendant, Mr. Ghafoor suffered a loss of earnings in an amount according to proof.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining defendant, its respective officers, successors, assigns, agents, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race and national origin.

B. Order defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities to all employees regardless of their race or national origin and which eradicate the effects of its past and present unlawful employment practices;

C. Order defendant to make whole Mr. Ghafoor by providing appropriate backpay with prejudgment interest, and front pay in amounts to be determined at trial, and/or other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order defendant to make whole Mr. Ghafoor by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in

///

1  paragraphs 9 through 11 above, including, but not limited to emotional pain and suffering,
2  inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.
3        E.    Order defendant to pay Mr. Ghafoor punitive damages for its malicious and
4  reckless conduct described in paragraphs 9 through 11 above, in amounts to be determined at
5  trial.
6        F.    Grant such further relief as the Court deems necessary and proper in the public
7  interest.
8        G.    Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Dated: May 26, 2005

Respectfully Submitted,

ERIC S. DREIBAND
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

By: _____
ANNA Y. PARK
Regional Attorney

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 E. Temple Street, 4th Floor
Los Angeles, CA 90012

Attorneys for U.S. Equal Employment
Opportunity Commission

5

## DECLARATION OF MAILING

I am, and was at the time the herein mentioned mailing took place, a citizen of the United States, over the age of eighteen (18) years and not a party to the above-entitled cause. I am employed in the Litigation Unit of the Los Angeles District Office of the United States Equal Employment Opportunity Commission.

My business address is Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, Fourth Floor, Los Angeles, CA 90012.

On the date that this declaration was executed, as shown below, I served the foregoing **COMPLAINT- CIVIL RIGHTS EMPLOYMENT DISCRIMINATION (42 U.S.C. §§ 2000e, et seq.)** in a sealed envelope with postage therein fully prepaid, in regular mail at Los Angeles, County of Los Angeles, State of California, which was addressed as follows:

Weston A. Edwards

4111 East 37th Street North

Wichita, Kansas 67220

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **May 26, 2005** at Los Angeles, California.

Thomas Profit

6